UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACRISURE OF CALIFORNIA, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMFORT INSURANCE SERVICES, LLC; LAUREN COMFORTI; and RAUL QUINONES<br><br>　　　　　　　　　Defendants. | Case No.: 20-CV-2224 JLS (AHG)<br><br>**ORDER (1) GRANTING MOTION TO EXPEDITE HEARING; (2) GRANTING IN PART APPLICATION FOR TEMPORARY RESTRAINING ORDER; (3) SETTING BRIEFING SCHEDULE; AND (4) SETTING PRELIMINARY INJUNCTION HEARING**<br><br>(ECF Nos. 1, 10) |

Presently before the Court is Plaintiff Acrisure of California, LLC's Application for Temporary Restraining Order and Preliminary Injunction ("Appl.," ECF No. 1), and Defendants Comfort Insurance Services, LLC, Lauren Comforti, and Raul Quinones's Opposition to Plaintiff's Application ("Opp'n," ECF No. 11). Plaintiff has also filed a Motion to Expedite Hearing ("Mot. Expedite" ECF No. 10). Plaintiff seeks to restrain Defendants from, among other things, "retaining possession of, directly or indirectly using, disclosing or transmitting for any purpose, Acrisure's confidential, proprietary, and/or trade secret information or documents, files, or data belonging to Acrisure . . . ." Appl. at 26. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's Application.

## BACKGROUND

Plaintiff filed the present Application on November 15, 2020. ECF No. 1. Plaintiff filed proof of service of process on Defendants on November 23, 2020. ECF No. 12. Defendants filed an Opposition to Plaintiff's Application on November 23, 2020. ECF No. 11.

Plaintiff avers that Defendants Comforti and Quinones were employees of Plaintiff who began competing with Plaintiff prior to their resignation. Appl. ¶¶ 24, 29, 36. Plaintiff alleges that Defendants Comforti and Quinones forwarded detailed confidential and trade secret information related to Plaintiff's clients and business to their personal email addresses. *Id.* ¶¶ 37, 48, 52. The information Defendants emailed to themselves includes: (1) a customer list with detailed information on more than 550 Acrisure clients, including "Customer Name," "Insurance Products Placed with each Insured," "Name of Insurer (Company)," and "Monthly Commission Amounts," *id.* ¶¶ 37–38; (2) "lists of additional Acrisure clients identified as cross-selling customer prospects for [Health Savings Associates (HSA)] benefit proposals, renewal information for Acrisure clients, client-specific benefit explanations, which include detailed pricing and client-specific benefit explanations, pricing details, and plan structure explanations, and insurer information," *id.* ¶ 48; and (3) "client-specific benefit explanations, which include detailed pricing and client-specific benefit explanations, pricing details, and plan structure explanations, and insurer information," *id.* ¶ 51. Plaintiff alleges Defendants Comforti and Quinones "forwarded approximately 100 emails to their personal email accounts in their final months of employment, which included approximately 100 additional documents as attachments." *Id.* at 52. Plaintiffs allege they have lost business as a result of Defendants actions, and as recently as November 20, 2020, Plaintiff received notice of two additional clients transferring business away from Plaintiff. Mot. Expedite ¶ 5.

Defendants Comforti and Quinones registered Comfort Insurance Services, LLC on July 28, 2020, prior to tendering their resignations to Plaintiff on October 19, 2020. Appl. ¶¶ 35–36. Defendants aver that "they took no action to establish a functioning business or

develop any revenue at that time." Quinones Decl. ¶¶ 29–30, ECF No. 11-2; Comforti Decl. ¶¶ 29–30, ECF No. 11-1. Defendants argue that Plaintiff did not provide the level of customer service that their clients expected, and they registered the limited liability company so "if conditions continued to deteriorate, and they were forced to leave [Plaintiff's] employment, [Defendants] would be able to hit the ground running." Opp'n at 7. Defendants further allege that although Plaintiff provided a secure remote desktop application to access company systems while working remotely during the COVID-19 pandemic, "it was not practical to use it to work with spreadsheets, large documents or graphic-intensive applications because it was subject to long delays and freeze-ups." *Id.* at 4. Therefore, "it was common practice . . . to use personal e-mail accounts to transfer documents to work on from home . . . ." *Id.* at 5.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of temporary restraining orders ("TRO"). The standard for a temporary restraining order is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049–50 (9th Cir. 2010), *rev'd on other grounds*, 632 F.3d 1127 (9th Cir. 2011). Generally, a temporary restraining order is considered to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

///

///

///

# ANALYSIS

Having reviewed the materials submitted and taking the allegations in the Complaint as true, the Court is satisfied that Plaintiff has met its burden under *Winter*. The Court finds Plaintiff has a reasonable chance of succeeding on the merits of its claims for misappropriation of trade secrets, breach of contract, breach of duty of loyalty, unfair business practices, and unjust enrichment. Specifically, Plaintiff avers that Defendants forwarded approximately 100 emails to their personal email accounts while still employed with Plaintiff and after registering the Defendant limited liability company that Comforti and Quinones presently operate to compete with Plaintiff. Appl. ¶¶ 36, 52. The emails forwarded include "detailed, client-specific benefit explanations, which include detailed pricing and client-specific benefit explanations, pricing details, and plan structure explanations, and insurer information." Ehrenfeld Decl. ¶¶ 28–29, ECF 1-3. Additionally, Plaintiff treats the information emailed like trade secrets and takes measures to protect it from unauthorized disclosure. *See* Appl. ¶ 21. These protective measures include "password protecting its computers, network, and other databases;" "restricting access to certain databases or information so that only those personnel who require the information can access it;" and "requiring employees to sign employment agreements which contain confidentiality clauses . . . ." *Id.* ¶ 21. Plaintiff has also convincingly argued that Defendants' alleged misappropriation will continue to risk damage to its client relationships and Plaintiff's goodwill and business reputation, which are irreparable injuries. *See id.* ¶ 110; Mot. Expedite ¶ 5. Further, the balance of equities tip in favor of granting a temporary restraining order, and a temporary restraining order is in the public interest.

# CONCLUSION AND ORDERS

<u>Preliminary Injunction Hearing and Orders</u>

1. Good cause appearing, the Court **GRANTS** Plaintiff's Motion to Expedite Hearing (ECF No. 10).

///

      2.     The Court **GRANTS IN PART** Plaintiff's Application for Temporary Restraining Order as detailed below. Parties are **HEREBY ORDERED** to appear via video for a preliminary injunction hearing on <u>December 3, 2020 1:30 p.m.</u>, at which time this TRO **SHALL EXPIRE**. At this time, the Court will hear oral argument on Plaintiff's requested preliminary injunction, which will not include an evidentiary hearing. Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same at the scheduled hearing.

      3.     Plaintiff **SHALL FILE** a reply in support of its Application for Preliminary Injunction <u>on or before November 30, 2020 at noon</u>.

      4.     Defendants are cautioned that failure to attend the preliminary injunction hearing may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the TRO, and may otherwise extend for the pendency of this litigation upon the same terms and conditions that comprise this TRO.

<u>Temporary Restraining Order</u>[1]

      5.     Defendants Comfort Insurance Services LLC, Lauren Comforti, and Raul Quinones, as well as their respective agents and all other persons and entities in active concert, participation, or privity with them, are prohibited from directly or indirectly using, disclosing, or transmitting for any purpose, Plaintiff's confidential, proprietary, and/or trade secret information or documents, files, or data belonging to Plaintiff, including, but not limited to the specific Plaintiff documents emailed by Comforti and/or Quinones to their personal email addresses, as described in the Declaration of Eric Ehrenfeld, filed with Plaintiff's Verified Application for Temporary Restraining Order, Preliminary Injunction, and Complaint. *See generally* Ehrenfeld Decl.

///

---

[1] Given the short briefing schedule for the preliminary injunction motion, the Court does not find it necessary for Defendants to return all documents to Plaintiff at this time. *See* Appl. at 26–27.

6. Defendants are ordered to preserve and hold in abeyance any and all documents, whether in paper or electronic form, that relate to the claims alleged in Plaintiff's Complaint or the subject matter of this action. Defendants are prohibited from destroying, discarding, or erasing any electronic storage devices where such documents have been stored.

7. Defendants are prohibited from requesting, advising, or encouraging any customer or client of Plaintiff referenced in any materials transmitted to Comforti or Quinones' personal email accounts or that remain on any of Defendants' devices or accounts to terminate or curtail its relationship with Plaintiff.

**IT IS SO ORDERED.**

Dated: November 24, 2020

Hon. Janis L. Sammartino
United States District Judge