UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACRISURE OF CALIFORNIA, LLC,<br><br>                                        Plaintiff,<br><br>v.<br><br>COMFORT INSURANCE SERVICES, LLC; LAUREN COMFORTI, and RAUL QUINONES,<br><br>                                        Defendants. | Case No.: 3:20cv2224-JLS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 21] |

By joint motion, the parties request that the Court continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently scheduled for February 4, 2021, because Plaintiff's counsel will be in trial in Pennsylvania on that date. ECF No. 21.

Good cause appearing, the joint motion is **GRANTED** and the ENE and CMC are **CONTINUED** to **February 19, 2021** at **9:30 a.m.** The attorneys-only status conference scheduled for January 8, 2021 at 3:00 p.m. will remain as previously set.

///

///

The ENE will be via **videoconference** for all attendees. The following **Mandatory Procedures** remain in effect and are to be followed in preparation for the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. **Confidential ENE Statements Required:** No later than **February 16, 2021**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    A. the nature of the case and the claims,

    B. position on liability or defense,

   C. position regarding settlement of the case with a **specific**[1] **demand/offer for settlement**,[2] and

   D. any previous settlement negotiations or mediation efforts.

4. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

   A. The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **February 10, 2021**.

   B. The parties must file a Joint Case Management Statement by **February 12, 2021**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

   C. Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **February 10, 2021**.

5. **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case.

---

[1] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[2] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[4] There is a cost-free option for creating a Zoom account.

    B.    Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants

---

[3] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 9:30 a.m.  **The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.**

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[5] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E. No later than **February 16, 2021**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

  i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

  ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

  iii. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a

---

[5]     For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

                position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

        iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

    F.    All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

    G.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

    6.    **Requests for Continuances:** Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request

must state:

      A.    The original date;

      B.    The number of previous requests for continuances;

      C.    A showing of good cause for the request;

      D.    Whether the request is opposed and why;

      E.    Whether the requested continuance will affect other case management dates; and

      F.    A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

7. **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

8. Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  January 4, 2021

                                                               _____
                                                               Honorable Allison H. Goddard
                                                               United States Magistrate Judge