UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACRISURE OF CALIFORNIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMFORT INSURANCE SERVICES, LLC; LAUREN COMFORTI, and RAUL QUINONES,<br><br>Defendants. | Case No.:  3:20cv2224-JLS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO ADOPT ESI PROTOCOL**<br><br>[ECF No. 24] |

By joint motion, the parties request that the Court enter an order establishing the protocol for Electronically Stored Information ("ESI") to which the parties agreed to be bound. ECF No. 24. Upon due consideration and good cause appearing, the Court **GRANTS** the joint motion and adopts the ESI Protocol agreed to by the parties, as set forth below:

## ESI PROTOCOL

The following protocol is designed to govern the process involved with the collection, preservation, identification, search, privilege/confidentiality review and production of electronically stored data relating to the cause of action entitled Acrisure of

California, LLC v. Comfort Insurance Services LLC, Lauren Comforti, and Raul Quinones Case No. 3:20-cv-02224 filed in the Southern District of California (hereinafter "Litigation") and compliance with the Temporary Restraining Order issued November 24, 2020 ("TRO").

1. The parties anticipate exchanging information which may be alleged to be of a sensitive, personal or confidential nature, and there is good cause to enter into this Protocol to protect the rights of the litigants in this Litigation.

2. Gathering evidence from computers and other electronic devices requires specialized skills. Therefore, each party shall designate a qualified forensic analyst(s) to perform the collection, preservation, and analysis of identified computers/devices/data sources and Electronically Stored Information (ESI) contained therein.

   a. Plaintiff Acrisure, LLC hereby designates Driven, Inc. as its qualified forensic analyst ("Plaintiff's Analyst").

   b. Defendants Comfort Insurance Services LLC, Lauren Comforti, and Raul Quinones hereby designate Lighthouse as their qualified forensic analyst ("Defendant's Analyst").

   c. Collectively, Plaintiff's Analyst and Defendants' Analyst shall be referred to hereinafter as "Analysts."

3. **Forensic Imaging**. Forensic imaging of computer storage devices/data sources is specifically designed to protect the integrity of the digital evidence and to allow recovery of all data that can potentially include "hidden," erased, compressed, password-protected or encrypted files. Forensic imaging is the preferred method of data preservation because it does not alter, destroy or diminish the original computer medium or data. Since electronic/digital evidence is especially vulnerable to tampering or destruction, even by casual use, engaging in a forensically sound imaging process is critical. A forensic image preserves the evidence and maintains the complete original storage media in its entirety. This "snapshot" is the best way to preserve digital evidence in its original unaltered state for later review by the parties or the Court. The process of creating a computer forensic

image is completed through the use of specialized hardware and/or software specifically designed to create an exact bit-by-bit copy of the entire electronic storage device or data source. The forensic imaging process protects the original media by utilizing forensic hardware and/or software to prevent the ability to write or change any data that resides on the original media. Upon the completion of the imaging process, the forensic hardware and/or software will create a hash value (electronic fingerprint) that verifies with scientific certainty that the created image is an exact copy of the original device.

4.   Upon completion of the forensic imaging process of any applicable computers/devices/data sources, Defendants' Analyst will secure the original forensic image (master copy) and a second forensic image (working copy) will be created. The master copy image will remain untouched/unaltered in the secured area for the duration of the Litigation or as otherwise agreed to by the Parties.

5.   Defendants' Analyst will provide a working copy image to Plaintiff's Analyst. Plaintiff's Analyst shall only be entitled to perform a search of the produced images to determine if they contain Acrisure's confidential, proprietary, and/or trade secret information, and shall not otherwise discuss, describe or provide copies of any other documents or data contained on the images to Plaintiff, its counsel, or any other third party. Any search of the produced images for Acrisure's confidential, proprietary, and/or trade secret information performed by Plaintiff's Analyst shall only be conducted pursuant to an Order issued in the Litigation or search parameters agreed to by the Parties in writing. In the event the Parties are unable to agree to search terms, either Party may file an appropriate Motion with the court to seek a resolution of the dispute.

6.   Upon completion of Litigation, all data, information and forensic images utilized throughout the investigative process will be returned to the appropriate parties or permanently destroyed with documentation of both.

**IT IS SO ORDERED.**

Dated: January 19, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge