UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ACRISURE OF CALIFORNIA, LLC, | Case No.: 3:20-cv-2224-JLS-AHG |
|---|---|
| Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| COMFORT INSURANCE SERVICES, LLC; LAUREN COMFORTI, and RAUL QUINONES, | **[ECF No. 39]** |
| Defendants. | |

Before the Court is the parties' Joint Motion for Permanent Injunction (ECF No. 39), filed in accordance with the terms of the parties' settlement agreement providing that the parties will extend the Court's existing temporary injunction for two years from the date of their agreement. The parties have consented to the undersigned to retain jurisdiction to enforce the settlement agreement after this case has been dismissed, and the parties' grant of consent includes the authority to issue injunctive relief as provided by the settlement agreement. *See* ECF No. 35. Accordingly, the parties' Joint Motion (ECF No. 39) is **GRANTED**. The Court hereby enters the following Consent Judgment and Permanent Injunction exactly as submitted by the parties:

1

WHEREAS, this action was commenced on November 16, 2020 by the filing of the Complaint and Application for Temporary Restraining Order ("Complaint");

WHEREAS, in the Complaint, Plaintiff Acrisure of California, LLC ("Acrisure") sought injunctive relief and money damages against Defendants Comforti Insurance Services, LLC, Lauren Comforti, and Raul Quinones ("Defendants") for alleged violations of their Employment Agreements, misappropriation of trade secrets, and related state and federal claims;

WHEREAS, the parties stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is is hereby **ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants.
2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).
3. Acrisure claimed that Defendants committed wrongful conduct including, but not limited to, Defendants' breaches of (a) Comforti's and Quinones's employment agreements, including the wrongful misappropriation of Acrisure's confidential information and trade secrets such as customer lists; and (b) state and federal statutes relating to the protection of trade secrets.
4. The Court, upon motion and argument, issued a temporary restraining order on November 24, 2020.
5. The parties then participated in an Early Neutral Evaluation that resulted in resolution of the case, which included a stipulated injunction.  Accordingly,
6. Defendants Comforti Insurance Services, LLC, Lauren Comforti, and Raul Quinones individually, along with their officers, agents, servants, employees, attorneys and all persons and entities in active concert or participation (directly or

indirectly) with them (collectively referred to as "Defendants"), are hereby enjoined, for a period of two (2) years from the date hereof, as follows:

    a. Defendants are prohibited from directly or indirectly using, disclosing, or transmitting for any purpose Plaintiff's confidential, proprietary, and/or trade secret information or documents, files, or data belonging to Plaintiff, including, but not limited to, the specific Plaintiff documents emailed by Comforti and/or Quinones to their personal email addresses other than personal records regarding their respective individual compensation and benefits.

    b. Defendants are prohibited from requesting, advising, or encouraging any customer or client of Plaintiff referenced in any materials transmitted to Comforti's or Quinones's personal email accounts or that remain on any of Defendants' devices or accounts to terminate or curtail its relationship with Plaintiff.

    c. Defendants must destroy and may not retain any confidential documents of Plaintiff. Defendants will search for and destroy, within a period of thirty days, any and all documents, whether in paper or electronic form, in Defendants' possession, custody, or control that reflect confidential, proprietary, or trade secret information of Plaintiff according to the protocol set out in the parties' settlement agreement.

7. The Court retains jurisdiction to enforce the terms of this Injunction and the underlying settlement agreement. A violation of this Injunction may be considered contempt of court.

**IT IS SO ORDERED.**

Dated:  July 20, 2021

                                                                                      */s/ Allison H. Goddard*
                                                              Honorable Allison H. Goddard
                                                              United States Magistrate Judge